IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MICHAEL GATES,                      )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )   No. 13-02622-JDT/tmp
MEMPHIS AREA TRANSIT AUTHORITY,     )
MEMPHIS CITY GOVERNMENT, and        )
WILL HUDSON,                        )
                                    )
    Defendants.                     )

_____

# REPORT AND RECOMMENDATION
_____

On August 12, 2013, plaintiff Michael Gates, a resident of Memphis, Tennessee, filed a *pro se* complaint against defendants Memphis Area Transit Authority ("MATA"), Memphis City Government, and Will Hudson. (ECF No. 1.) Gates also filed a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) On August 20, 2013, the court issued an order granting Gates leave to proceed *in forma pauperis*. (ECF No. 8.) While the complaint was still in the process of being screened,[1] on October 18, 2013, defendants MATA and Hudson filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). (ECF No. 10.) To date,

_____

[1] In the August 20 order, the court stated that "[t]he next step is for the court to screen the complaint in order to determine whether or not to issue summons. Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)." (Id. at 2.)

Gates has not filed a response in opposition to the motion, and the time for doing so has expired. (See Local Rule 12.1(b) & 56.1(b)) (requiring a party opposing a motion to dismiss or motion for summary judgment to file a response within 28 days after the motion is served). Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons below, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), or in the alternative, that the defendants' Motion to Dismiss be granted.

## I. PROPOSED FINDINGS OF FACT

Gates's *pro se* complaint alleges as follows:

> I believe that I was not hired and discriminated against because of my age and my color and my education. I told them (MATA) I would get my Class A CDL [commercial driver's license] back by paying a small fine I have in Arizona. A Class A CDL is above a Class B and chauffeur's endorsement. Can be easily obtained with a Class A CDL. I cannot understand why I was not hired since I was [an] OTR (over the road) driver for (3) long haul companies.

(ECF No. 1, Compl. at IV.) Gates did not attach to his complaint his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or his Dismissal and Notice of Rights ("RTS notice"). However, the defendants attached both

documents to their Motion to Dismiss.[2]  The Charge of Discrimination alleges discrimination based on race and age, and states as follows:

> On or about November 15, 2012, I applied for the position of Bus Driver with the above employer [MATA]. However, I was denied employment with the company. No reason was given for being denied employment with the company. I have contacted the company and inquired about the company's decision of not hiring me. Still, I received no response. I only received a standard denial letter. I believe I have been discriminated against because of my race (White) and age (63) in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act (ADEA).

(ECF No. 11.)  According to the RTS notice, it was mailed to Gates on February 5, 2013, with a copy sent to MATA's Human Resources Manager.  Gates did not file the instant complaint until August 12, 2013.  In their Motion to Dismiss, the defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Defendants argue, among other things, that the complaint is untimely.

## II.  PROPOSED CONCLUSIONS OF LAW

---

[2]Attached to the Motion to Dismiss is a declaration by Lavelle Fitch, the Director of Plan Administration and Labor Relations for Mid-South Transportation Management, Inc. ("MTM"), which is the management company for MATA. (ECF No. 10-2, Fitch Decl. ¶ 2.). Fitch states that in February 2013, the EEOC provided to MTM the Charge of Discrimination filed by Gates, a copy of which is attached to her declaration. (Id. ¶ 3.) Fitch further states that the EEOC by notice dated February 5, 2013, provided MTM with Gates's RTS notice, a copy of which is attached to her declaration. (Id. ¶ 5.)

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action –

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). During the pleading stage, the plaintiff must provide factual allegations that are "enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) (internal quotation marks omitted) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements" of the offense. In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted).

As a general rule, a district court may not consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss without converting the motion into one for summary judgment. J.P. Silverton Indus. L.P. v. Sohm, 243 F. App'x 82, 86–87 (6th Cir. 2007); see Fed. R. Civ. P. 12(d). However, "when a document is referred to in the complaint and is central to the plaintiff's claim," a defendant "may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (quotation omitted). Here, although the Charge of Discrimination and RTS notice were not attached as exhibits to Gates's complaint, they are central to his claim and therefore may be considered by this court without converting the defendants' motion to dismiss into a motion for summary judgment. See Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) (where the plaintiff does not refer directly to given documents in the pleadings, if those

documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment.); see also Hudson v. Genesee Intermediate Sch. Dist., No. 13-12050, 2013 WL 6163220, at *1 n.1 (E.D. Mich. Nov. 25, 2013) (finding that plaintiff's RTS notice, although not attached to the complaint but instead attached as an exhibit to defendant's motion to dismiss, was central to plaintiff's claim and therefore court did not convert defendant's motion to dismiss into a motion for summary judgment).

Pleadings filed by *pro se* litigants are to be "construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992); see also Herron v. Kelly, No. 1:10CV1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (affording liberal interpretation to a *pro se* plaintiff's pleading). However, "*pro se* plaintiffs are not automatically entitled to take every case to trial," Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), and "the lenient treatment of *pro se* litigants has limits." Baker v. Boyd, No. 5:11CV-P59-R, 2013 U.S. Dist. LEXIS 901874, at *2 (W.D. Ky. May 3, 2013) (quoting Pilgrim, 92 F.3d at 416) (internal quotation marks omitted). One of these limits includes the requirement that *pro se* plaintiffs comply with applicable statutes of limitations. See Simpson v. G4S Secure Solution (USA), Inc., No. 12-2875-STA-tmp, 2013 WL 2014493, at *4 (W.D. Tenn. May 13, 2013) (citing Williams v. Sears, Roebuck & Co.,

143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001)) ("The 90-day filing period applies to all plaintiffs, including those who act pro se . . . ."); see also Sanford v. Ohio Dep't of Mental Retardation and Developmental Disabilities, No. 1:12-CV-2970, 2013 WL 3243624, at *4 (N.D. Ohio June 25, 2013) (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants.") (internal quotation marks omitted).

In pertinent part, Title VII of the Civil Rights Act of 1964 provides that if the EEOC investigates and dismisses a charge of discrimination, then it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved . . . ." 42 U.S.C. § 2000e-5(f)(1). Under Federal Rule of Civil Procedure 6(d), three days are added to this ninety-day period. Further, "the Sixth Circuit allots two days for postal delivery of an RTS notice beyond the three day period allowed by [Rule 6(d)]." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 558, n.9 (6th Cir. 2000). Beyond these well-settled extensions, courts in the Sixth Circuit strictly apply the ninety-day statute of limitations for Title VII claims. See Peete v. Am. Std. Graphic, 885 F.2d 331, 331 (6th Cir. 1989) (affirming order that found complaint filed

ninety-one days after plaintiff actually received his RTS notice was time-barred by one day). "Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run." Reed v. Ohio State Univ. Med. Ctr., No. 2:12-cv-241, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012); see also DRFP, LLC v. Republica Bolivariana De Venez., No. 2:04-CV-00793, 2013 WL 2096652, at *17 (S.D. Ohio May 14, 2013) (quoting Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012)) ("[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate.") (alteration in original) (internal quotation marks omitted).

It is well-established in the Sixth Circuit that actual receipt of an RTS notice is not required before the ninety-day limitations period begins to run. Reed, 2012 WL 5378379, at *3; see also Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (6th Cir. 1986) ("We are not inclined toward an inflexible rule requiring actual receipt of notice by a claimant before the time period begins to run."). Rather, there is a "rebuttable presumption that the plaintiff receives the right to sue notification within five (5) days of the EEOC mailing the notice." Smith v. Huerta, No. 12-cv-02640-JTF-dkv, 2013 WL 3242492, at *2 (W.D. Tenn. June 25, 2013); see also Graham-Humphreys, 209 F.3d at

557 (citing Banks v. Rockwell Int'l N. Am. Aircraft Operations, 855 F.2d 324, 325-27 (6th Cir. 1988)) ("The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.").

Satisfying the ninety-day statute of limitations is not a jurisdictional prerequisite to filing a complaint, but rather a requirement that is subject to waiver, estoppel, and equitable tolling. Zipes v. Trans. World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 819 (2013) (quoting Zipes, 455 U.S. at 394) (reiterating a statute establishing a filing deadline "does not speak in jurisdictional terms") (internal quotation marks omitted). A statute of limitations may be tolled based on equitable considerations. Snow v. Napolitano, No. 10-02530, 2013 WL 3717732, at *2 (W.D. Tenn. July 11, 2013). However, federal courts sparingly use equitable tolling, Peterson v. Klee, No. 2:12-cv-11109, 2013 WL 2480687, at *4 (E.D. Mich. June 10, 2013), and the doctrine is available only in "compelling cases that justify a departure from established procedures." Warith v.

Amalgamated Transit Union Local Chapter 268, No. 1:13 CV 985, 2013 WL 2443780, at *3 (N.D. Ohio June 4, 2013) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481 (6th Cir. 1989)).  The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Plummer v. Warren, 463 F. App'x 501, 504 (6th Cir. 2012) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)) (internal quotation marks omitted).

In the instant case, the EEOC mailed the RTS notice to Gates on February 5, 2013.  Therefore, the complaint, filed on August 12, 2013, is time barred.  As for the doctrine of equitable tolling, Gates has not responded to the Motion to Dismiss, and thus he has not argued for the application of that doctrine.  Based on a review of the record, the court can find no basis for excusing Gates's untimely filing of his complaint under the equitable tolling doctrine.  See Banks, 855 F.2d at 326 (refusing to equitably toll statute of limitations when plaintiff failed to update address with EEOC causing delayed receipt of RTS notice); Hunter, 790 F.2d at 475 (same).  Thus, the court submits that Gates's complaint is time barred and recommends that the complaint be dismissed.[3]

## III. RECOMMENDATION

---

[3] Because Gates's failure to timely file his complaint is sufficient grounds for the court to dismiss the complaint, the court need not address the remaining arguments raised in the Motion to Dismiss.

For the reasons above, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), or in the alternative, that the defendants' Motion to Dismiss be granted.

Respectfully submitted,

<u>s/ Tu M. Pham</u>
TU M. PHAM
United States Magistrate Judge

<u>January 8, 2014</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**