IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2622-JDT-tmp |
| | ) | |
| WILL HUDSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER GRANTING MOTION TO DISMISS
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Michael Gates, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on August 12, 2013, accompanied by a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis*.[1] (D.E. 8.) On October 18, 2013, Defendants Will Hudson and the Memphis Area Transit Authority ("MATA") filed a motion to dismiss or for summary judgment. (D.E. 10 & 11.) Plaintiff did not respond to Defendants' motion. Magistrate Judge Pham issued a Report and Recommendation ("R&R") on January 8, 2014, in which he recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or, in the

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

alternative, that Defendants' motion to dismiss be granted. (D.E. 12.) Objections to the R&R were due within 14 days. See Fed. R. Civ. P. 72(b)(2). However, no objections have been filed.

Plaintiff's complaint alleges in a conclusory manner, without any factual support, that MATA's refusal to hire him was discriminatory. (D.E. 1 at 2.)[2] Attached to Defendants' motion to dismiss is a copy of a charge filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") on January 28, 2013, alleging that MATA failed to hire him as a bus driver based on his age and race. (D.E. 11 at 1.) Like the complaint, Plaintiff's EEOC charge included no factual support for his allegations. Plaintiff stated only that he was given no reason for MATA's decision. (Id.) The EEOC issued a right to sue notice on February 5, 2013. (Id. at 3.)

Defendants contend in their motion to dismiss, and Magistrate Judge Pham found, that Plaintiff's complaint is untimely because it was not filed within ninety days after his presumed receipt of the EEOC's right to sue notice. As the right to sue notice was issued on February 5, 2013, the complaint filed on August 12, 2013, was three months late. Plaintiff has asserted no basis for equitable tolling of the limitations period.

Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's conclusion and ADOPTS the R&R. Defendants' motion to dismiss is GRANTED,

---

[2] On August 15, 2013, Plaintiff sent an *ex parte* email directly to Magistrate Judge Pham in which he reasserted his claims. (D.E. 6.) Magistrate Judge Pham ordered the Clerk to file a copy of the email and admonished Plaintiff that such *ex parte* communications were inappropriate. (D.E. 5.) That document also contains no additional factual support for Plaintiff's allegations of discrimination.

2

and this case is hereby DISMISSED for failure to state a claim on which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss this case for failure to state a claim because it is untimely also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting

3

affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.